| | | | |
|---|---|---|---|
| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | [seal] CIVIL SUMMONS | Case No. **21-CI-02557**<br>Court ☑ Circuit ☐ District<br>County Jefferson CIRCUIT COURT DIVISION TWO (2) | |

**PLAINTIFF**

JAMES EVERHART

VS.

**DEFENDANT**

GUARDIAN LIFE     DI RISK MANAGEMENT
PO BOX 14333
LEX, KY 40601

**Service of Process Agent for Defendant:**
ANY OFFICER OR AGENT
Company/Firm/Etc.

_____

_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: __MAY - 4 2021__, 2____      DAVID L. NICHOLSON, CLERK _____ Clerk
                                                 By: ____[signature]____ D.C.

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                 Served by: _____

                 _____ Title

---

NO. **21 CI 02557**  JEFFERSON CIRCUIT COURT
DIVISION _____

JEFFERSON CIRCUIT COURT
DIVISION TWO (2)

JAMES EVERHART ) PLAINTIFF
)
v. )
) **COMPLAINT**
)
)
GUARDIAN GROUP LIFE INSURANCE ) DEFENDANT
COMPANY )
aka. GROUP LIFE AND DI RISK MANAGEMENT )
GROUP LIFE AND DI RISK MANAGEMENT )
7 HANOVER SQUARE )
NEW YORK, NY 10004 )
)
)
SERVE: )
SECRETARY OF STATE )
700 CAPITOL AVE )
SUITE 152 )
STATE CAPITOL )
FRANKFORT KY 40601 )
)
)
Serve Also: )
)
GROUP LIFE AND DI RISK MANAGEMENT )
SERVICES )
PO BOX 14333 )
LEXINGTON, KY 40512 )

\*\*\*   \*\*\*   \*\*\*

Comes the Plaintiff, JAMES EVERHART, by counsel, and for his cause of action against Defendant states as follows:

### PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Guardian Group Insurance Company aka. Group Life and DI Claims Risk

Management Services (hereinafter "carrier" or "Defendant" or "Guardian") also sometimes is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to him under the terms of an insurance plan is a simple contract. The contract is part of an employment benefit, and therefor is governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

4. This Court has concurrent jurisdiction with the Federal District Court.

5. This Complaint seeks Long Term Disability ("LTD")wage replacement.

## FACTS

6. Plaintiff was a full-time employee of ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim #73843.

7. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

8. At all times relevant to this Complaint, the Plan was administered by Guardian and at all relevant times Guardian remained the so called "plan administrator".

9. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

10. Plaintiff applied for and was denied Long Term Disability coverage, he then appealed the decision for LTD coverage and was again denied.

11. Plaintiff has exhausted all administrative remedies.

12. Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff had a "preexisting" condition that vitiated coverage under the plan. The Defendant Guardian fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff's so called "preexisting condition" was in fact exacerbated to the point that a whole new disability came to fruition. By relying only on its reviewing physicians, Guardian has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).

13. Guardian's in-house reviewing staff erroneously concluded that the Plaintiff was capable of full time work. Guardian refused to consider all of the Plaintiff's medical ailments and combined effect on him in its decision to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

14. Guardian's refusal to consider Plaintiff's combination of medical impairments, and the effect

each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

15. Guardian is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

16. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

17. Defendant Guardian's conclusions that Plaintiff had a disqualifying preexisting condition was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

18. At all relevant times Guardian was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

19. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

20. Defendant can ignored the finding of SSA without adequate explanation in its decision. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

## COUNT 1
## BREACH OF ERISA STATUTE

21. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

22. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the simple contract.

23. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5. For his costs expended herein;

6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

Page 7 of 7   LD20210527800007000I 5/27/2021 8:00:00 AM

| | | |
|---|---|---|
| NO. 21 CI 02557 COURT (2) | | JEFFERSON CIRCUIT DIVISION TWO |

| | | |
|---|---|---|
| JAMES EVERHART | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | **AMENDED COMPLAINT** | |
| | ) | |
| | ) | |
| GUARDIAN GROUP LIFE INSURANCE | ) | DEFENDANT |
| COMPANY | ) | |
| aka. GROUP LIFE AND DI RISK MANAGEMENT | ) | |
| GROUP LIFE AND DI RISK MANAGEMENT | ) | |
| 10 HUDSON YARDS | ) | |
| NEW YORK, NY 10001 | ) | |
| | ) | |
| | ) | |
| SERVE: | ) | |
| SECRETARY OF STATE | ) | |
| 700 CAPITOL AVE | ) | |
| SUITE 152 | ) | |
| STATE CAPITOL | ) | |
| FRANKFORT KY 40601 | ) | |
| | ) | |
| | ) | |

            \*\*\*           \*\*\*           \*\*\*

Comes the Plaintiff, JAMES EVERHART, by counsel, and for his cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1.       Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2.       Defendant, Guardian Group Insurance Company aka. Group Life and DI Claims Risk Management Services (hereinafter "carrier" or "Defendant" or "Guardian") also sometimes is a corporation doing business in the Commonwealth of Kentucky.

3.       This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to him under the terms of an insurance plan is a simple contract. The contract is part of an employment benefit, and therefor is governed by §502(e) of the Employment Retirement Income

Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

4. This Court has concurrent jurisdiction with the Federal District Court.

5. This Complaint seeks Long Term Disability ( "LTD")wage replacement.

**FACTS**

6. Plaintiff was a full-time employee of ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim #73843.

7. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

8. At all times relevant to this Complaint, the Plan was administered by Guardian and at all relevant times Guardian remained the so called "plan administrator".

9. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

10. Plaintiff applied for and was denied Long Term Disability coverage, he then appealed the decision for LTD coverage and was again denied.

11. Plaintiff has exhausted all administrative remedies.

12. Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff had a "preexisting" condition that vitiated coverage under the plan. The Defendant Guardian fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff's so called "preexisting condition" was in fact exacerbated to the point that a whole new disability came to fruition. By relying only on its reviewing physicians, Guardian has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).

13. Guardian's in-house reviewing staff erroneously concluded that the Plaintiff was capable of full time work. Guardian refused to consider all of the Plaintiff's medical ailments and combined effect on him in its decision to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

14. Guardian's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo.*

15. Guardian is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

16. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

17. Defendant Guardian's conclusions that Plaintiff had a disqualifying preexisting condition was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

18. At all relevant times Guardian was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

19. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

20. Defendant can ignored the finding of SSA without adequate explanation in its decision.

<u>Whitaker v. Hartford Life and Accident Co.</u> <u>404 F.3d 947</u> (6th Cir. 2005).

## COUNT 1
## BREACH OF ERISA STATUTE

21. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

22. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the simple contract.

23. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3.	For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;

4.	For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5.	For his costs expended herein;

6.	For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228